THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-018 |
| ARTHUR THOMPSON | : | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS 18 U.S.C. § 922(g)(1) CHARGE

Defendant Arthur Thompson has filed a motion to dismiss Count One of the indictment, charging possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), based on the claim that this statute is unconstitutional under the First and Second Amendment both on its face and as applied in this case.

Controlling Third Circuit precedent forecloses his arguments under the Second Amendment. The motion should be denied. Similarly, even assuming the defendant raises a colorable religious based claim, the government has a compelling interest in restricting firearm possession by a person previously convicted of committing a violent crime with a firearm that overrides any First Amendment right. Thus, Thompson's First Amendment claims should be denied as well.

In this case, on January 14, 2025, defendant Arthur Thompson was charged in an indictment with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count One). ECF 1. The Indictment alleges that the defendant possessed a loaded Ruger 9mm pistol on December 20, 2022. ECF 1. On July 7, 2003, the defendant

was arrested for Attempted Murder, Aggravated Assault and firearms related charges for a shooting that took place on June 14, 2003, at 2810 Jackson Street. The defendant was convicted of Attempted Murder, Aggravated Assault, Carrying Firearms without a License and Possession of an Instrument of Crime. On August 12, 2004, Thompson was sentenced to eight to 20 years of incarceration. He was paroled on this matter on August 15, 2011. The maximum date of his sentence was on July 23, 2023, thus, he was on parole at the time of this offense.

### A. Second Amendment Claim

Defendant Thompson is charged with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). He asserts that this statute is unconstitutional under the Second Amendment, both on its face and as applied to him.

In recent years, courts in this district have unanimously rejected this assertion with respect to offenders like Thompson, who were previously convicted of violent or drug trafficking crimes. Thompson has previous conviction for attempted murder and firearm violations. *See, e.g.*, *Pitsilides v. Barr*, 128 F.4th 203, 210-12 (3d Cir. 2025) (affirming that the statute may validly bar possession by dangerous persons, including those earlier convicted of violent offenses, and of crimes that lead to violence (like burglary and drug dealing)); *United States v. White,* 2025 WL 384112 (3d Cir. Feb. 4, 2025) (not precedential) (denying, on plain error review, a Second Amendment objection to a 922(g) conviction presented by a defendant previously convicted of numerous aggravated assault and drug offenses); *United States v. Harris*, 2023 WL 7927758 (E.D. Pa. Nov. 16, 2023) (McHugh, J.) (denying motion by person previously convicted for felony firearm

possession charges, based on the "exhaustive" analysis and consistent determinations by all other judges in the district to address the issue; citing decisions of 12 other district judges); *United States v. Hedgepeth*, 2023 WL 7167138 (E.D. Pa. Oct. 31, 2023) (Marston, J.) (denying challenge by defendant previously conviction of unlawful possession of firearm, reckless endangerment, and burglary, "given the scads of historical examples of lawmakers disarming those who they believed posed a potential danger to society").

Here, the defendant's motion also fails for another fundamental reason: he was on parole at the time of his charged possession of a firearm. The decision in *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024), dispatches the defendant's constitutional claim. *Moore* held that "[a] convict completing his sentence on supervised release does not have a Second Amendment right to possess a firearm." *Id.* at 273. The Court determined that barring firearm possession by a person subject to a criminal sentence is consistent with the nation's historical tradition of firearm regulation, as required by Supreme Court precedent. The Third Circuit explained:

> Convicts could be required to forfeit their weapons and were prevented from reacquiring arms until they had finished serving their sentences. This historical practice of disarming a convict during his sentence—or as part of the process of qualifying for pardon—is like temporarily disarming a convict on supervised release.

*Id.* at 271. Based on this determination, the Court likewise denied Moore's facial challenge to Section 922(g)(1). *Id.* at 273 n.5.

Subsequently, the Third Circuit made clear that a person subject to any probationary sentence (such as probation, parole, or supervised release) enjoys no Second

- 3 -

Amendment right at that time to possess a firearm. *United States v. Quailes*, 126 F.4th 215, 222 (3d Cir. 2025).

For these reasons, the defendant's motion to dismiss based on the Second Amendment must be denied.

### B. First Amendment Claim

The defendant asserts that he is a "devout Muslim" and that the Quran dictates that he "carry arms and not neglect your arms." ECF 26 at 3. Assuming for the sake of argument that the defendant is a devout Muslim, he fails to make the requisite showing that Islamic law requires that he carry a gun.[1] Because the defendant's claims fail to demonstrate that 18 U.S.C. § 922(g)(1) substantially burdens his religious beliefs, his claim fails. Even assuming again for the sake of argument that the government's conduct, prosecuting the possession of a firearm by a person previously convicted of unlawfully shooting someone substantially burdens Mr. Thompson's religious beliefs, the government conduct is the least restrictive means of furthering a compelling interest.

The defendant's motion includes as an exhibit what appears to be a passage of the Quran. ECF 26, Ex. A. It does not cite any religious tenet or any religious scholar who stands by the proposition that all Muslim men, regardless of their past, must carry a firearm. Here, where the defendant invokes the Religious Freedom Restoration Act of 1993, he bears an initial burden of making out a prima facie case by showing that he

---

[1] As a threshold matter, it bears mentioning that the Quran was written years before gunpowder was invented, thus to the extent that arms refers to weapons, it cannot be reasoned to specifically refer to firearms.

"possesses a sincerely held religious belief" and the "government's conduct substantially burdened that belief." *United States v. Stimler*, 864 F. 3d 253, 267-68 (3d. Cir. 2017). The defendant's exhibit fails to make the requisite showing, thus it should be denied.

In other words, to even invoke the protection of the act, the defendant must make a prima facia case that compliance with the statute, or here, the government's enforcement of the law, burdens his exercise of his religious belief. The defendant cannot make that showing. The government is aware of no tenet in Islamic law or any other law standing for the proposition that a person, previously found to have shot someone without justification, may again carry a firearm as a tenet of their religious faith. The passage cited by the defendant, where it notes arms is insufficient. Here, the statute at issue, 18 U.S.C. § 922(g)(1) simply prohibits the possession of a firearm that travelled in interstate or foreign commerce by a convicted felon. There is nothing in the statute that prohibits the possession of other weapons, such as a knife, a sword, etc., by the defendant. Thus, the motion fails.

In *Stimler*, the court held that the defendants "failed to satisfy their burden of establishing that the government substantially burdened their religious beliefs by prosecuting them for kidnapping. *Stimler*, 864 F. 3d at 268. In that case the government prosecuted Orthodox Jewish rabbis for kidnapping husbands to force them to provide their wives with the necessary religious authorization for a divorce. The court reasoned that the prosecution "undoubtedly constituted a burden on their sincerely held religious beliefs" however, the burden was deemed unsubstantial because there were alternative means of practicing their religion that remained available to the defendants." *Id*.

Similarly here, the defendant may participate in his religion, and he may be able to carry some sort of weapon during a religious event. The only restriction on his conduct by this statute is that he cannot carry a firearm that has travelled in interstate or foreign commerce because has been previously convicted of a felony and was aware of that conviction on December 20, 2022, when he is alleged to have possessed the firearm.

As a threshold matter, the Supreme Court has stated that the government's interest in preventing serious crimes "is both legitimate and compelling." Id. (citing. United States v. Salerno, 481 U.S. 739, 749 (1987)). By any account, the prevention of violent crime, that is the ability of citizens to move safely through their daily lives is a paramount and compelling government interest.[2] As the court ruled in *Epstein*, the Government can show a compelling interest in the "uniform application of a particular program" by demonstrating that the requested religious accommodation would seriously compromise its ability to administer the program. *United States v. Epstein,* 91 F. Supp. at 585. Here, to provide a religious exemption as the defendant seeks would swallow the entire statute. It would allow anyone found in possession of a firearm, no matter how serious the predicate felony, to claim to be a devout Muslim, and the government would be foreclosed from prosecuting the offense.

---

[2] In *Stimler*, the district court characterized the government's interest: "the Government unquestionably has a compelling interest in uniformly applying kidnapping laws to prevent serious crimes of violence. It is beyond cavil that the duty to prosecute persons who commit serious crimes is part and parcel of the government's responsibility for the general safety and welfare of its citizens." *United States v. Epstein*, 91 F. Supp. 3d 573, 585 (D. N.J. 2015), aff'd 91 F. 3d 573.

A Magistrate and District Court Judge in the Northern District of Iowa considered the issue presented by the defendant's motion: "whether prosecution under 922(g)(1) imposes the least restrictive means of promoting public safety and preventing crime." *United States v. Harper*, 634 F. Supp. 3d. 594, 597 (N.D. Iowa 2022). There, the defendant argued that he was a "Muslim who practices Sharia law and its adherence to armed self-defense (including the possession of a firearm)." *Id*. at 597. There the court assumed, without deciding, that the defendant's "practice of possessing a firearm for self-defense was a sincerely held religious belief and that the prosecution substantially burdened [the defendant's] exercise of religion." *Id*. at 601. The court cited the Epstein opinion, *supra*, and acknowledged that while the crimes at issue there, were crimes of violence, "similar reasoning applies to prosecutions under 922(g)(1), as they primarily seek to prevent harm to others." *Id*. at 603. The court held that the government cannot "uniformly apply its gun control laws for public safety and the prevention of crime under 922(g)(1) or (3) without prosecuting [the defendant]." *Id*.

Here, the government respectfully requests that this Court adopt the reasoning of the court in Harper and rule that enforcement of 922(g) and the prosecution of Mr. Thompson is the least restrictive means of furthering the government's compelling interest. Of note in this case, the usage of 922(g) as a means to prevent further violence in Philadelphia and its surrounding counties is a compelling government interest, the protection of its citizens from acts of violence. Where the government demonstrates a compelling interest and shows that the least restrictive means of furthering the compelling interest is the enforcement of the law at issue, there is no violation of the

- 8 -

RFRA.  Accordingly, the defendant's motion must be denied.

                        Respectfully yours,

                        DAVID METCALF
                        United States Attorney


                        */s Robert E. Eckert*
                        Robert E. Eckert
                        Assistant United States Attorney

Dated: April 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Robert Gamburg, Esq.
>robert@gamburglaw.com

>*/s Robert E. Eckert*
>Robert E. Eckert
>Assistant United States Attorney

Dated:  April 11, 2025.