IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : Criminal No.: 2:25-cr-00013-KSM-1 |
| v. | : |
| | : |
| **ARTHUR THOMPSON** | : |

### DEFENDANT'S REPLY BRIEF

**ARGUMENT**

The United States Constitution and the Bill of Rights is the Supreme Law of the United States.  As stated in the Defendant's Motion to Dismiss, the First Amendment states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."  "In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *N.Y. State Rifle & Pistol Ass'n* v. Bruen, 597 U.S. 1, 17 (2022) *citing United States v. Heller*, *infra*.  The plain text of the First Amendment clearly sets forth that Congress shall not make any law which interferes with the free exercise of religion.

The Government properly cites United States v. Stimler, 864 F.3d 253, 267-268 (3rd Cir 2017), which stated:

> "RFRA proscribes government conduct which "substantially burden[s] a person's exercise of religion" unless the government can demonstrate, *inter alia*, that the burden is

the "least restrictive means of furthering [a] compelling government interest."**54** This proscription extends to the government's criminal prosecutions under laws of general applicability; a defendant "may raise RFRA as a shield in the hopes of beating [*268] back the government's charge."**55** The party invoking RFRA bears the initial burden of making out a prima facie case by showing that (1) it possesses a sincerely held religious belief, and (2) the government's conduct substantially burdened that belief.**56** The burden then switches to the government to demonstrate that its conduct is the least restrictive means of furthering a compelling interest.**57**

The defendant, by citation to the Quran itself, has made out a prima facie case that he has shown a sincerely held religious belief. He is a strict adherent to the Quran. The defendant has citied the exact passage from the Quran which addresses this claim. The defendant has established a prima facie case that his religious beliefs require him to possess arms. The Quran, Surah 4:102 states:

> And when you are among them and lead them in prayer, let a group of them stand [in prayer] with you and **let them carry their arms**. And when they have prostrated, let them be [in position] behind you and have the other group come forward which has not [yet] prayed and let them pray with you, taking precaution and carrying their arms. **Those who disbelieve wish that you would neglect your weapons and your baggage so they could come down upon you in one [single] attack.** But there is no blame upon you, if you are troubled by rain or are ill, for putting down your arms, but take precaution. Indeed, Allah has prepared for the disbelievers a humiliating punishment.

(Emphasis added) The defendant has a legitimate religious interest in carrying arms.

The defendant is an ardent Muslim. The defendant raises his challenge to 18 U.S.C. §922(g) under both First and Second Amendment grounds. The Second Amendment grounds have been handled by the Courts. There is little to no challenges raised under the First Amendment.

In N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, 20 (2022), our Supreme Court stated:

> In *Heller*, we began with a "textual analysis" focused on the "'normal and ordinary'" meaning of the Second Amendment's language. 554 U. S., at 576-577, 578,

      128 S. Ct. 2783, 171 L. Ed. 2d 637. That analysis suggested that the Amendment's operative clause—"the right of the people to keep and bear Arms . . . shall not be infringed"—"guarantee[s] the individual right to possess and carry weapons in case of confrontation" that does not depend on service in the militia.

*Id*., at 592, 128 S. Ct. 2783, 171 L. Ed. 2d 637. *Citing United States v. Heller,* 554 U.S. 570 (2008) *Bruen* went on the hold that: "In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."  Bruen, *supra* at 21. *Citing Konigsberg* v. *State Bar of Cal.*, 366 U. S. 36, 50, n. 10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961).

      There are restrictions on Second Amendment claims.  However, the thrust of the defendant's claims is First Amendment based.   There are two cases that the defendant has found.  In *United States v. Harper,* 634 F. Supp 3d 594 (N.D. Iowa 2022), the Court rejected the defendant's arguments that the First Amendment and the RLUIPA and its sister statute, the Religious Freedom Restoration Act of 1993 (RFRA), 107 Stat. 1488, 42 U.S.C. §2000bb *et seq,* but, as stated in the Motion to Dismiss, the case was not decided solely on this issue. Furthermore, in *Cheema v. Thompson*, 1994 U.S. App. Lexis 24160 (!994), *affirmd* 67 F.3d 883 (9th Cir 1995).  A Court enforced a reasonable compromise on a religious right to carry knives on school grounds.

      It also must be noted:

      This Court has held that when "speech" and "nonspeech" elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on **First Amendment** freedoms. To characterize the quality of the governmental interest which must appear, the Court has employed a variety of descriptive terms: compelling; substantial; subordinating; paramount; cogent; strong. Whatever imprecision inheres in these terms, we think it clear that a government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged **First Amendment** freedoms is no greater than is essential to the furtherance of that interest.

*United States v. O'Brien,* 391 U.S. 367, 376-377 (!968) In short, the defendant has made a prima facie showing of a sincerely held religious belief. The Government could accommodate these religious beliefs short of criminal prosecution.

      WHEREFORE, Defendant respectfully moves to dismiss the indictment.

      Respectfully submitted,

      _____**/s/**_____

ROBERT M. GAMBURG, ESQUIRE
1500 John F. Kennedy Blvd.
Suite 1203
Philadelphia, PA 19102
(215) 567-1486

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on April 21, 2025, a true and correct copy of the Defendant's Reply in the herein matter was served on the following person, via e-filing, as follows:

Asst. U.S. Atty.
Robert E. Eckert, Esquire
U.S. Department of Justice
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
robert.eckert@usdoj.gov

_____/s/_____
ROBERT M. GAMBURG, ESQUIRE
1500 John F. Kennedy Blvd.
Suite 1203
Philadelphia, PA 19102
(215) 567-1486