IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ARTHUR THOMPSON** | **CRIMINAL ACTION**<br><br>**NO. 25-13-KSM-1** |

**MEMORANDUM**

**Marston, J.**                                                                                                              **November 13, 2025**

Presently before the Court is a motion *in limine* by United States of America (the "Government") seeking to admit evidence of multiple occasions where Defendant Arthur Thompson refused to comply with DNA search warrants. (Doc. No. 37.) Defendant opposes this motion or seeks, "in the alternative, an order allowing defense counsel to introduce [Defendant]'s refusal based on religious beliefs, and his eventual DNA submission." (Doc. No. 65.) The Court held oral argument on September 24, 2025. (Doc. No. 69.) For the reasons discussed below, the Court grants the Government's motion *in limine* and will allow the admission of Defendant's reasons for refusing and ultimate compliance with a DNA warrant.

I.      **Factual and Procedural Background**

At approximately 10:27 a.m. on December 20, 2022, Defendant was subject to a traffic stop and arrested by officers of the Philadelphia Police Department ("PPD Officers"). (Doc. No. 37 at 1–2; Doc. No. 65 at 1.) Shortly thereafter, PPD Officers recovered a black Ruger 9mm handgun that one of the officers allegedly observed Defendant possess and discard just prior to his arrest.[1] (Doc. No. 37 at 1–2; Doc. No. 65 at 1.) PPD Officers took DNA swabs from the handgun and obtained a warrant for Defendant's DNA. (Doc. No. 37 at 3; Doc. No. 65 at 3.)

---

[1] This arrest is the subject of the instant federal indictment, criminal docket No. 25-13.

But when PPD Officers attempted to serve the warrant on Defendant, Defendant refused to provide his DNA.  (Doc. No. 37 at 3; Doc. No. 65 at 3.)

Months later, on October 18, 2023, Defendant was subject to a traffic stop and was arrested by PPD Officers who allegedly saw and recovered a handgun from inside his vehicle. (Doc. No. 37 at 3; Doc. No. 65 at 2–3.)  On November 28, 2023, the Pennsylvania Office of the Attorney General ("OAG") obtained another warrant for Defendant's DNA.  (Doc. No. 37 at 4; Doc. No. 65 at 3.)  But when an OAG agent attempted to serve the warrant, Defendant again refused, stating it was against his religion and that "Allah does not allow [him] to give DNA." (Doc. No. 37 at 4; Doc. No. 65 at 3.)  On January 9, 2024, Defendant appeared in the Philadelphia Court of Common Plas in connection with his October 18th arrest; while in court he again refused to provide his DNA and claimed it was against his religion.  (Doc. No. 37 at 4; Doc. No. 65 at 4.)  Finally, on November 7, 2024, at a bail hearing in connection with his October 18th arrest, Defendant agreed to and did provide his DNA allegedly in exchange for the Court of Common Pleas Judge re-considering his request for bail.  (Doc. No. 37 at 4; Doc. No. 65 at 4.)

On January 14, 2025, a federal grand jury indicted Defendant on one count of unlawful possession of a firearm, a violation of 18 U.S.C.§ 922(g)(1), relating to Defendant's alleged illegal possession of a firearm on December 20, 2022.  (Doc. No. 1.)

**II.     Legal Standard**

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."  *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).  This is "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."  *Bradley v. Pittsburgh Bd. of Educ.*, 913

F.2d 1064, 1069 (3d Cir. 1990). Accordingly, a court should only exclude evidence on a motion *in limine* when the evidence is "clearly inadmissible on all potential grounds." *Kaisinger v. Walmart Stores, Inc.*, No. 18-cv-855, 2024 WL 1536040, at *1 (E.D. Pa. Apr. 9, 2024).

### III.    Analysis

The Government seeks to admit evidence of Defendant's prior refusals to comply with DNA warrants. As a preliminary matter, Defendant does not dispute that the evidence of Defendant's prior refusals is relevant under Federal Rule of Evidence 401. (*See generally* Doc. Nos. 37, 65, 69.) Defendant instead argues this evidence should not be admitted because the prejudicial effect outweighs its probative value under Federal Rule of Evidence 403. (*See generally* Doc. Nos. 65, 69.) And, in the alternative, Defendant argues that if the Court finds the evidence is admissible, the Court should permit Defendant to introduce his reasons for refusing to comply with the warrants, as well as introduce the fact that he ultimately complied. (*See generally* Doc. Nos. 65, 69.) For the reasons discussed below, the Court finds (1) the probative value of Defendant's refusals are not outweighed by their prejudicial effect, and (2) Defendant will be permitted to introduce both the reasons for his initial refusals to comply as well as his ultimate compliance. The Court addresses each in turn.[2]

---

[2] While the Court grants the Government's motion *in limine* to permit testimony about Defendant's refusals to comply, its grant is limited to the fact that Defendant refused—not all the underlying circumstances surrounding such refusals, e.g., his October 18, 2023, arrest. Whether such additional facts and testimony may be admissible would be subject to additional Rule 403 balancing. *See Seawright v. Banning*, 677 F. Supp. 3d 310, 316 (E.D. Pa. 2023) (granting motion *in limine* precluding "the crimes and other details relating to [the defendant's prior] convictions"); Fed. R. Evid. 105. ("If the court admits evidence that is admissible . . . for a purpose—but not . . . for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). As such, the Government and Defendant should meet and confer to agree on a stipulation regarding Defendant's refusals that can be read to the jury.

     A.     *Defendant's Refusals to Comply with DNA Warrants*

The Government seeks to admit Defendant's initial refusals to comply with multiple warrants for his DNA as probative of Defendant's consciousness of guilt under Federal Rule of Evidence 403. (*See generally* Doc. No. 37.) "Under Rule 403, 'the [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Egan v. Del. River Port Auth.*, 851 F.3d 263, 275 (3d Cir. 2017) (quoting Fed. R. Evid. 403). "When determining whether evidence violates Rule 403, district courts must balance the probative value of the evidence against its prejudicial effect, clarifying its reasoning on-the-record." *United States v. Bailey*, 840 F.3d 99, 117 (3d Cir. 2016). But, the Third Circuit has stressed that "*pretrial* Rule 403 exclusions should rarely be granted." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original); *see also Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997) ("We have also made clear that rulings excluding evidence on Rule 403 grounds should rarely be made in limine.").

Here, the Government argues that Defendant's multiple refusals to provide his DNA speak to his consciousness of guilt, i.e., that Defendant refused to provide his DNA to the Government because he thought it would match the DNA on the firearm at issue in this case. (*See* Doc. No. 37.) Defendant first argues that that the probative value of this evidence is minimal. (*See* Doc. No. 65.) He claims the evidence is "unnecessary" in light of the "ample evidence" the Government has to meet its burden of proof in this case, including eyewitness testimony and the results of the eventual DNA swab.[3] (*Id.* at 8.) But Defendant's argument is

---

[3] Defendant also argues that his "initial refusals carry less probative value here because he explicitly did so based on his religious beliefs." (Doc. No. 65 at 8 (citing *United States v. Zimmerman*,

4

misplaced. "'[T]he mere fact that two pieces of evidence might go to the same point would not . . . necessarily mean that only one of them might come in.'" *Bailey*, 840 F.3d at 120 (quoting *Old Chief v. United States*, 519 U.S. 172, 183 (1997)). While the Government may have additional evidence that supports its theory regarding Defendant's consciousness of guilt, that does not diminish the separate and additional probative value of Defendant's multiple refusals to submit to DNA warrants. *See United States v. Hawari-Rasulullah*, No. 3:21-cr-66, 2022 WL 16554701, at *5–6 (M.D. Pa. Oct. 31, 2022) (finding refusals to comply with DNA search warrants were relevant and should not be excluded under Rule 403); *see e.g.*, *United States v. Fistzgiles*, No. 24-cr-113-GBW, 2025 WL 1380764, at *5 (D. Del. May 13, 2025) (finding in § 922(g) case that three photographs of defendant in the room where a firearm was found was not cumulative of home ownership evidence). The Court finds that there is clear probative value in Defendant's multiple refusals. *See* Fed. R. Evid. 401.

Next, Defendant argues that the probative value of his refusal is substantially outweighed by the prejudicial effect. It is not. While Defendant notes that there may be some prejudicial effect if jurors consider that "he had an opportunity to exonerate himself through the DNA comparisons and chose not to do so," (Doc. No. 65 at 10 (quotation marks omitted)), such is the nature of the evidence. *See United States v. Finley*, 726 F.3d 483, 493–94 (3d Cir. 2013) (affirming District Court's finding that the probative value of videos depicting child pornography was not substantially outweighed by their prejudicial effect). Defendant's citation to *United*

---

514 F.3d 851, 854 (9th Cir. 2007)); *see also* Sept. 24, 2025, Oral Arg. Tr. 31:19–33:02 ("Sept. Tr."). But Defendant's argument and reliance on *Zimmerman* is inapposite. In *Zimmerman*, the Ninth Circuit held that a District Court should inquire into and analyze a criminal defendant's Religious Freedom Restoration Act claim when "consider[ing] whether [to] compel[] a criminal defendant to give a blood sample for DNA testing." *Zimmerman*, 514 F.3d at 853. But that is not a question before this Court; Defendant has already provided a saliva sample in response to a warrant. Here, the only question is whether the evidence of Defendant's original refusals to do so, whether based on his religious beliefs or not, may properly be admitted at trial.

5

States v. Ashburn is in accord. 76 F. Supp. 3d 401 (E.D.N.Y. 2014). In *Ashburn*, the court "had no difficulty" finding that that the probative value of defendant's refusal to submit to a DNA warrant was not substantially outweighed by its prejudicial effect because defendant there was charged with multiple violent crimes, including murder, and Defendant's refusal did not involve "conduct more serious than the charged crime." *Id.* at 447. Similarly here, Defendant's refusals to provide his DNA are not more serious than his alleged unlawful possession of a firearm. Thus, the Court finds that the probative value of Defendant's refusals is not substantially outweighed by its prejudicial effect and can be admitted in the Government's case-in-chief.

    B.    *Defendant's Reasons for Initially Refusing to Comply*

In the alternative, Defendant argues that if the above discussed refusal evidence is admitted, Defendant should be allowed to introduce his reasons for refusing, as well as his eventual compliance. (*See* Doc. No. 65 at 11 (citing FRE 803(3) and 106).) The Court agrees. Even though Defendant's refusals constitute hearsay, that is, out of court statements offered for the truth of the matter asserted, the Court finds the statements are admissible under Fed. R. Evid. 803(3). Federal Rule of Evidence 803(3) states: "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)" is admissible "regardless of whether the declarant is available as a witness." Here, Defendant's statements regarding his religious objections to the DNA warrant represent his "state of mind at the point of his refusal." *Ashburn*, 76 F. Supp. 3d at 446; *see also Hussey v. Chase Manhattan Bank*, No. 02-cv-7099, 2005 WL 1787571, at *7 (E.D. Pa. July 27, 2005) ("For a hearsay statement to be admissible under Rule 803(3), the statement must occur contemporaneous with the state of mind sought to be proved. . . .") Further, at oral argument on this motion, the Government stated that if its motion was granted it does not oppose

6

the introduction of Defendant's reasons for refusing and would be willing to stipulate to Defendant's explanation. Sept. Tr. 35:10–15 ("We can certainly do that. . . . I would be willing to do that by stipulation."). So, should the Government seek to introduce evidence of Defendant's consciousness of guilt through his refusals, Defendant will be permitted to introduce his present sense explanation of his conduct.

In addition, if the Government admits Defendant's refusals to comply with the DNA warrants, Defendant will also be allowed to introduce evidence that he ultimately provided his DNA pursuant to a warrant. Under Federal Rule of Evidence 106, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time." Here, admitting Defendant's eventual submission of his DNA will put his prior refusals in their full context, avoid misleading the jury, and "insure a fair and impartial understanding" of Defendant's refusals. *United States v. Soures*, 736 F.2d 87, 91 (3d Cir. 1984); *see id.* ("Under [Rule 106's] doctrine of completeness, a second writing may be required to be read if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." (internal citation omitted)); *see also Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988) (Pursuant to Rule 106, "when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible under Rules 401 and 402."). Thus, if the Government puts on evidence of Defendant's refusals, Defendant will be allowed to put on evidence of his reasons and eventual acquiescence.

**IV.     Conclusion**

For the foregoing reasons, the Court grants the Government's motion *in limine* to the extent it seeks to introduce the fact that Defendant refused to comply with multiple DNA warrants.  And the Court will permit Defendant to introduce his reasons for refusing and his eventual compliance with a DNA warrant.

An appropriate Order follows.