IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARTHUR THOMPSON | CRIMINAL ACTION<br><br>NO. 25-13-KSM-1 |

### ORDER

**AND NOW**, this 13th day of November, 2025, upon consideration of Defendant Arthur Thompson's Second Motion to Dismiss the Indictment (Doc. No. 89), the Court finds that:

1. Defendant's Second Motion to Dismiss the Indictment raises the same constitutional arguments already briefed before and decided by this Court. (*Compare* Doc. No. 26 with Doc. No. 89; *see* Doc. Nos. 44–45 (Memorandum & Order denying Defendant's first motion to dismiss, which argued the indictment violated Defendant's First and Second Amendment rights).) Defendant's Second Motion to Dismiss the Indictment argues that "[t]he charge brought against Defendant violates fundamental constitutional guarantees." (Doc. No. 89 at 2.) Specifically, Defendant argues again that the indictment brought under 18 U.S.C. § 922(g)(1) violates his First Amendment right to free exercise of religion and his Second Amendment right to keep and bear arms.[1] (*Id.* at 4–6). These arguments were already made to—and rejected by—the Court earlier this year. (Doc. Nos. 44–45.)

2. So, the Court construes Defendant's Motion to Dismiss as a motion for reconsideration. *See Dorley v. S. Fayette Twp. Sch. Dist.*, No. 2:15-CV-00214, 2016 WL

---

[1] Defendant's memorandum of law also references the application of the Fourteenth Amendment's Due Process Clause to the states. (Doc. No. 89 at 3–4.) But "the Fourteenth Amendment only applies to actions of the states and not to the federal government." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). Here, Defendant is being prosecuted only by the federal government.

3102227, at *9 (W.D. Pa. June 1, 2016) ("Though not so styled, Defendant[]'s second Motion to Dismiss could fairly be construed as a motion for reconsideration because it really just asks the Court to change its prior ruling.")  But even so construed, Defendant's motion must still be denied.  A motion for reconsideration is ordinarily granted only if there is: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its first Order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  None of those circumstances exist here.  There has been no change in the United States Constitution since June 2025 and Defendant has not provided the Court any new evidence.  And "[i]n order to show clear error or manifest injustice, the [Defendant] must base [hi]s motion on arguments that were previously raised but were overlooked by the Court—parties are not free to relitigate issues that the Court has already decided." *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (quotation marks and citation omitted).  Here, both of Defendant's arguments were raised before and analyzed by the Court.  (*See* Doc. No. 44 at 2–12.)  Further, the law of the case doctrine was intended for just these sorts of circumstances. *See Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997) ("The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation."). So, even when construed as a motion for reconsideration, Defendant's motion fails.

Thus, it is **ORDERED** that Defendant's Second Motion to Dismiss the Indictment (Doc. No. 89) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
KAREN SPENCER MARSTON, J.