IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARTHUR THOMPSON | CRIMINAL ACTION<br><br>NO. 25-13-KSM-1 |

MEMORANDUM

Marston, J.                                                                                           December 12, 2025

      Presently before the Court are two motions *in limine*.  First, Defendant Arthur Thompson moves to preclude the United States of America (the "Government") from introducing evidence found in Defendant's vehicle after his arrest on December 20, 2022.  (Doc. No. 82.)  The Government opposes this motion.  (Doc. No. 84.)  Second, the Government moves to introduce evidence of Defendant's prior convictions for impeachment, should Defendant testify.  (Doc. No. 83.)  Defendant has not opposed the Government's motion.  For the reasons discussed below, the Court denies Defendant's motion *in limine* and grants the Government's motion *in limine*.

**I.**     **Factual and Procedural Background**

      On August 12, 2004, Defendant was convicted in the Philadelphia Court of Common Pleas on multiple counts, including attempted murder, aggravated assault, and carrying a firearm without a license.  He was sentenced to eight to 20 years of imprisonment.  (Doc. No. 84 at 1.)  On August 15, 2011, Defendant was paroled, but subsequently remanded to state custody on March 8, 2012, November 29, 2012, December 20, 2020, and June 9, 2021, due to parole violations.  (Doc. No. 83 at 8 n.3.)  He completed his most recent parole violation term on June 22, 2022.  (*Id.*)

      At approximately 10:27 a.m. on December 20, 2022, Defendant was subject to a traffic stop and arrested by officers of the Philadelphia Police Department.  (*See* Doc. No. 82 at 4–5;

Doc. No. 84 at 1–2.) As officers approached Defendant, he opened the driver's side door, allegedly dropping a firearm onto the ground next to his vehicle, and fled. (Doc. No. 82 at 4–5; Doc. No. 84 at 2.) After chasing Defendant, officers placed him under arrest and recovered a black Ruger 9mm handgun, with an extended magazine, outside his vehicle. (Doc. No. 84 at 2.) Officers also "noticed an odor of marijuana coming from" the vehicle. (*Id.*) And when officers searched the vehicle, they recovered "two empty 9mm magazines, one of which was an extended magazine" and "a 9mm fired cartridge casing" (the "Firearm Evidence"), along with "a backpack with a digital scale, marijuana-[sic] 12 silver and black Ziploc packets, seven blue red and white Ziploc packets marked '88 GUMBO' and four blue, yellow and white Ziploc packets with a black devil smoking marijuana image on them, and narcotics packaging" (the "Drug Evidence") (collectively with the Firearm Evidence, the "Vehicle Evidence"). (*Id.* at 2–3; *see also* Doc. No. 82 at 2.)

On January 14, 2025, a federal grand jury indicted Defendant on one count of unlawful possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, a violation of 18 U.S.C. § 922(g)(1), relating to Defendant's alleged illegal possession of a firearm on December 20, 2022. (Doc. No. 1.)

## II.    Legal Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). This is "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). Accordingly, a court should only exclude evidence on a motion

*in limine* when the evidence is "clearly inadmissible on all potential grounds." *Kaisinger v. Walmart Stores, Inc.*, No. 18-cv-855, 2024 WL 1536040, at *1 (E.D. Pa. Apr. 9, 2024).

**III.    Analysis**

Defendant has moved to exclude the introduction of the Vehicle Evidence at trial, and the Government has moved to introduce evidence of Defendant's 2004 felony convictions. Defendant's motion will be denied, and the Government's will be granted. In support of his motion, Defendant makes two arguments for why the Vehicle Evidence must be excluded. First, under Federal Rules of Evidence 401 and 402, Defendant argues the Vehicle Evidence is irrelevant to the charge in the indictment. (Doc. No. 82 at 5.) Second, he argues, under Federal Rule of Evidence 403, that if the Court finds the Vehicle Evidence is relevant, its probative value is substantially outweighed by its prejudicial effect. (*Id.* at 5–6.) Separately, in support of its motion, the Government argues that despite the more than 20 years since Defendant's felony convictions, they are proper impeachment evidence under Federal Rule of Evidence 609. (Doc. No. 83 at 1.) For the reasons discussed below, the Court finds (1) the Firearm Evidence and Drug Evidence are relevant to the charge for unlawful possession of a firearm; (2) the probative value of the Vehicle Evidence is not substantially outweighed by its prejudicial effect, especially when coupled with limiting instructions; and (3) should Defendant testify, the Government will be allowed to impeach him with the fact of his prior felony convictions, though any impeachment will also be paired with a limiting instruction. The Court addresses each in turn.

    **A.    Defendant's Motion to Exclude the Vehicle Evidence**

        *1.    Rule 401*

Defendant first argues that the Vehicle Evidence must be excluded because it is irrelevant under Federal Rules of Evidence 401 and 402. Not so. Under Rule 401, "[e]vidence is relevant

if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *United States v. Desu*, 23 F.4th 224, 233 (3d Cir. 2022) (quoting Fed. R. Evid. 401).  The Third Circuit has held that "evidence is irrelevant only when it has *no* tendency to prove a consequential fact, and that while Rule 401 gives judges great freedom to admit evidence, it diminishes substantially their authority to exclude evidence as irrelevant." *United States v. Keystone Biofuels*, No. 17-cr-143, 2019 WL 2992216, at *1 (M.D. Pa. Feb. 25, 2019) (citing *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004)).  And under Rule 402, "relevant evidence is admissible" so long as it does not run afoul of the United States Constitution, a federal statute, the Federal Rules of Evidence, or rules set out by the Supreme Court.  Fed. R. Evid. 402.

      Here, Defendant is charged with one count of unlawful possession of a firearm under 18 U.S.C. § 922(g)(1).  To prove Defendant violated this statute, the Government must establish that:  (1) Defendant has been convicted of a felony; (2) after this conviction, Defendant knowingly possessed the firearm; (3) at the time he possessed the firearm, Defendant knew of the previous conviction and knew that it was for a crime punishable by imprisonment for a term exceeding one year; and (4) Defendant's possession of the firearm was in or affecting interstate or foreign commerce.  *See* Third Cir. Model Jury Ins. § 6.18.922G (2024).

      The Court rejects Defendant's relevance arguments.  Defendant argues the Firearm Evidence is irrelevant because the firearm at issue here "already contained a loaded magazine" and the Drug Evidence is "unrelated to the elements of § 922(g)." (Doc. No. 82 at 5.)  But this evidence is squarely relevant and connected to the second element of the offense: knowing possession.  Even though the firearm at issue was allegedly loaded, the fact that Defendant's vehicle allegedly contained two other firearm magazines—and a fired cartridge casing that

4

allegedly is a ballistic match to the firearm recovered (Doc. No. 84 at 6)—makes it more probable that Defendant knowingly possessed the firearm at issue. *See United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) ("If uncharged misconduct directly proves the charged offense, it is not evidence of some other crime.") (quotation marks omitted). For the same reason, Defendant's argument that the Drug Evidence is "unrelated to the elements of § 922(g)" is misplaced. (Doc. No. 82 at 5.) As the Government argues, the fact that Defendant's vehicle allegedly contained the Drug Evidence provides a reason and a motive for Defendant to be knowingly possessing the firearm.[1] *See United States v. Sriyuth*, 98 F.3d 739, 747 n.12 (3d Cir. 1996) (stating that "motive is always relevant in a criminal case, even if it is not an element of the crime"). So, the Vehicle Evidence is relevant under Federal Rule of Evidence 401.

    2.    *Rule 403*

Defendant also argues, in the alternative, that even if this evidence is relevant, it must be excluded under the balancing of Federal Rule of Evidence 403. While a closer call, this argument too fails. "Under Rule 403, 'the [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Egan v. Del. River Port Auth.*, 851 F.3d 263, 275 (3d Cir. 2017) (quoting Fed. R. Evid. 403). "When determining whether evidence violates Rule 403, district courts must balance the probative value of the evidence against its prejudicial effect, clarifying its reasoning on-the-record." *United States v. Bailey*, 840 F.3d 99, 117 (3d Cir. 2016). But, the Third Circuit has stressed that "*pretrial* Rule 403 exclusions should rarely be granted." *In re Paoli R.R. Yard*

---

[1] *See, e.g., United States v. Adams*, 759 F.2d 1099, 1108 (3d Cir. 1985) ("Weapons may be as much tools of the trade as the most commonly recognized narcotics paraphernalia.") (quotation marks omitted).

*PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original); *see also Walden v. Ga.-Pac. Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997) ("We have also made clear that rulings excluding evidence on Rule 403 grounds should rarely be made in limine.").

As discussed in more detail below, the Court finds the probative value of the Firearm and Drug Evidence is not outweighed by their prejudicial effects and will allow both to be admitted with limiting instructions.

          a.      <u>Firearm Evidence</u>

The parties drastically diverge in their assessment of both the probative value and prejudicial effect of the Firearm Evidence. Defendant argues that "the probative value [of the Firearm Evidence] is weak" because "there is no evidence" connecting the firearm at issue with the other evidence found in Defendant's vehicle. (Doc. No. 82 at 6.) The Government, predictably, disagrees. It argues that the probative value of the Firearm Evidence is "difficult to overstate" because it speaks to Defendant's actual and constructive possession of the firearm at issue, especially given the ballistic match and fact the firearm was not recovered on Defendant's person. (Doc. No. 84 at 3–4, 6.) And, the Government argues, "there is nothing prejudicial" about the Firearm Evidence because Defendant is already charged with firearm possession and "any potential prejudice" from any aspect of the Firearm Evidence could be cured with a limiting instruction. (Doc. No. 84 at 6–7.)

The Court finds the probative value of the Firearm Evidence is high and is not substantially outweighed by its prejudicial effect. The Court agrees with the Government that Defendant's "actual possession of the firearm is likely to be a heavily contested issue at trial." (Doc. No. 84 at 3.) As such, the Firearm Evidence is highly probative of Defendant's alleged possession of the firearm at issue. *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343–44

6

(3d Cir. 2002) ("[T]here is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be 'substantially outweighed' by the problems in admitting it. As a result, evidence that is highly probative is exceptionally difficult to exclude.") The probative value is clear, and Defendant's arguments to the contrary are belied by the Government's constructive possession theory. As for prejudice, the Court finds there is minimal prejudice in admitting the Firearm Evidence. As the Government correctly notes, Defendant is charged with illegally possessing a firearm, so the fact Defendant's vehicle contained a firearm casing and magazine is no more prejudicial than the charges themselves. (*See* Doc. No. 84 at 6.) But in order to alleviate any danger of unfair prejudice, the Firearm Evidence will be admitted with a limiting instruction regarding introduction of evidence about how or when the firearm was fired.

      b.      Drug Evidence

As with the Firearm Evidence, the parties again disagree on both the probative value and the prejudicial effect of the Drug Evidence. The Court finds that the probative value of the Drug Evidence is also high, and while there is a prejudicial effect, it does not *substantially* outweigh the probative value. As such, the Court will admit the Drug Evidence with a limiting instruction.

As with the Firearm Evidence, Defendant argues that "the probative value [of the Drug Evidence] is weak" because "there is no evidence" connecting the firearm at issue with the Drug Evidence. (Doc. No. 82 at 6.) Regarding prejudicial effect, Defendant argues that "the risk is overwhelming," due to the possibility jurors may convict not on the elements of § 922(g) but "based on [Defendant's] perceived drug involvement." (*Id.*) In response, the Government argues the Drug Evidence is relevant to show motive under Federal Rule of Evidence 404(b)[2]

---

[2] The introduction of any trial evidence under Rule 404(b) must also be analyzed under the factors the Third Circuit laid out in *Green*, 617 F.3d 233 at 240: "evidence of uncharged crimes or wrongs

7

and that any potential prejudice from the Drug Evidence can be adequately cured with a limiting instruction. (Doc. No. 84 at 4–6.)

The Court agrees with the Government. The Drug Evidence tends to prove Defendant's knowledge of the firearm within his alleged possession and his motive for possessing it. *See Sriyuth*, 98 F.3d at 747 n.12. And while the introduction of this Drug Evidence may also have a prejudicial effect, the Court finds this prejudicial effect is not unfair and does not *substantially* outweigh the probative value, especially as the evidence will be admitted with a limiting instruction. *United States v. Addison*, No. 23-cr-118, 2025 WL 388853, at *9 (W.D. Pa. Feb. 3, 2025) (admitting notes and communications on drug trafficking and finding the prejudicial effect did "not substantially outweigh probative value"). The Drug Evidence is highly probative of Defendant's motive, knowledge, and constructive possession of the firearm. And, again, any danger of unfair prejudice can be cured by a limiting instruction cabining the Drug Evidence as only admissible for a particular purpose, such as motive or constructive possession. *See Lloyd*, No. 21-cr-81, 2022 WL 2916684, at *10 (allowing drug evidence in § 922(g) case and collecting cases across multiple Circuits that did similarly with "uncharged" drug evidence).

\* \* \*

In sum, the Court will admit the Firearm and Drug Evidence with limiting instructions. Defendant's motion will be denied.

---

must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." For the reasons discussed below, the Drug Evidence is relevant and satisfies Rule 403. *See infra* p. 8. Motive is a proper evidentiary purpose for introducing drug evidence, even in § 922(g) cases with uncharged drug crimes. *See United States v. Lloyd,* No. 21-cr-81, 2022 WL 2916684, at *10 (E.D. Pa. July 22, 2022) (citing *United States v. Jacobs*, 44 F.3d 1219, 1225 (3d Cir. 1995)). And the Court will provide a limiting instruction to the jury at the time this evidence is introduced. *See infra* p. 8. So, the Drug Evidence is admissible under Rule 404(b).

B.   The Government's Rule 609 Motion

That leaves the Government's motion.  The Court will grant the Government's motion to admit evidence of Defendant's prior felony convictions for purposes of impeachment under Federal Rule of Evidence 609(a).  In 2004, Defendant was convicted of the following felonies:

1. Attempted murder, a violation of 18 Pa. Stat. and Cons. Stat. Ann. § 2502;
2. Aggravated assault, a violation of 18 Pa. Stat. and Cons. Stat. Ann. § 2702; and
3. Carrying a firearm without a license, a violation of 18 Pa. Stat. and Cons. Stat. Ann. § 6106.

(*See* Doc. No. 83 at 8.)  Defendant was ultimately released from prison and paroled in 2011, but has violated his parole multiple times, most recently in 2021.  (*See* Doc. No. 83 at 8 n.3.)

While Defendant has not opposed this motion, the Court must still ensure that this evidence is properly admitted under the Federal Rules of Evidence.  Under Rule 609(a), evidence that a defendant has been convicted of a felony "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B).  But "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," the probative value must *substantially* outweigh its prejudicial effect.  Fed. R. Evid. 609(b).

Here, Defendant's prior convictions are more than ten years old, as he was convicted in 2004 and first released from prison back in 2011.  (*See* Doc. No. 83 at 8 (discussing how Defendant was convicted and sentenced in 2004); *id.* at 8 n.3 (stating Defendant was paroled in 2011).)  This would generally mean the Court must consider whether the probative value of the three 2004 convictions significantly outweigh their prejudicial effect.  *See* Fed. R. Evid. 609(b).  But the Government argues that because Defendant has had multiple parole violations "within

9


ten years of the date of conviction, August 4, 2011, this conviction falls within the ten-year look back period contemplated by the rule."[3]

In the Third Circuit, it remains an open question when the 10-year period begins or ends. *See United States v. Dubose*, 639 F. Supp. 3d 503, 514 (E.D. Pa. 2022) ("The Third Circuit has not definitively resolved when the ten-year period is deemed to begin or end, but has indicated in dicta that it begins when the witness is released from prison and ends on the date of trial.") (citing *United States v. Thomas*, 815 F. App'x 671, 677 & n.2 (3d Cir. 2020)). Some courts have held that reimposition of a term of imprisonment for violations of parole conditions restarts the 10-year period. *See United States v. Hampton*, No. 15-cr-302, 2017 WL 1632594, at *3 (E.D. Pa. May 2, 2017) (collecting cases). Yet others have found that "release from confinement does not include the termination of a probationary period." *United States v. Wise*, 581 F. Supp. 3d 656, 658 (D.N.J. 2022) (quotation marks omitted).

Upon consideration of this open question and Defendant's prior convictions, the Court agrees that Defendant's confinement resulting from parole violations should be considered confinement for the original conviction and thus restart the clock for Rule 609(b). "Sentences imposed upon revocation of a defendant's term of supervised release are part and parcel of his underlying conviction and punishment." *Jones*, No. 23-cr-26, 2024 WL 2302262, at *2 (quotation marks omitted) (quoting *United States v. Jones*, 833 F.3d 341, 344 (3d Cir. 2016)). But for Defendant's 2004 convictions, he would not have been confined for parole violations in 2012, 2020, and 2021. (*See* Doc. No. 83 at 8 n.3.) So, because Defendant's confinement for his 2004 convictions ended in June of 2022, his prior convictions are within the 10-year look back period and Rule 609(a), not Rule 609(b), applies.

---

[3] The Court understands the Government to mean within 10 years of the date of release from confinement, as Defendant was convicted in 2004, not 2011. (*See* Doc. No. 83 at 8.)

Accordingly, the Court *must* admit evidence of Defendant's prior felony convictions "if the probative value of the evidence outweighs its prejudicial effect." Fed. R. Evid. 609(a)(1)(B). Four factors are considered in weighing a prior crime's probative value against its prejudicial effect: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the defendant's testimony to the case; and (4) the importance of the credibility of the defendant." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (quoting *Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982)). The ultimate inquiry is "whether the admission of this conviction ha[s] the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired." *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (quotation marks omitted).

Beginning with the first factor, as the Government implicitly concedes, none of Defendant's prior convictions involve "a crime inherently involving dishonesty." (Doc. No. 83 at 10); *see also Sharif*, 740 F.3d at 273 n.10 ("Acts of violence . . . generally have little or no direct bearing on honesty and veracity.") (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)). And the Government cites to no case law in this Circuit that supports the contention that Defendant's specific prior convictions "provide valuable insight about his ability to be truthful while under oath." (Doc. No. 83 at 10 (quotation marks and citation omitted)); *cf. Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995) ("A murder conviction . . . has the potential to do more than create a credibility handicap. It has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired."). The Court also has particular concern regarding the introduction of Defendant's prior conviction for illegal possession of a firearm because "[p]rior convictions which are for the same or substantially the same conduct as the charged crime should be admitted sparingly because of their prejudicial

11

effect." *United States v. Wilson*, No. 15-cr-94, 2016 WL 2996900, at *2 (D.N.J. May 23, 2016). As such, there is no basis for the Court to impute dishonesty to Defendant's prior convictions and there is concern regarding propensity, so the first factor weighs in favor of exclusion.

Under the second factor, the Court considers the age of the prior convictions to decide whether their probative value outweighs their prejudicial effect. "The probative value of a conviction decreases as its age increases." *United States v. Cherry*, No. 10-cr-091, 2010 WL 3156529, at *7 (E.D. Pa. Aug. 10, 2010) (citation omitted). But the probative value of an older conviction may stay the same if there are convictions or circumstances that suggest Defendant's "character has not improved." *See United States v. Castelluzzo*, No. 13-cr-560, 2015 WL 3448208, at *3 (D.N.J. May 29, 2015). Here, Defendant's multiple parole violations illustrate that his behavior has not improved following his conviction and release from confinement.[4] As such, the second factor weighs in favor of inclusion.

Many courts in this Circuit have recognized the overlapping nature of the third and fourth factors. *See Sharif*, 740 F.3d at 273; *Seawright v. Banning*, 677 F. Supp. 3d 310, 315 (E.D. Pa. 2023); *Wilson v. Mahally*, No. 18-cv-1637, 2023 WL 8437050, at *3 (M.D. Pa. Dec. 5, 2023); *Wilson*, No. 15-cr-94, 2016 WL 2996900 at *3. And here, the Court agrees with the Government's argument that "[i]n felon-in-possession cases such as this, the main question is whether the defendant knowingly possessed a firearm. Therefore, Defendant's testimony, if he chooses to testify, will likely be critical . . . ." *Wilson*, No. 15-cr-94, 2016 WL 2996900 at *3. As such, Defendant's testimony and credibility—especially if he is to deny possession or culpability—would be central to this case. So, the third and fourth factors weigh in favor of the admission of Defendant's 2004 convictions.

---

[4] As noted *supra* p. 1, since his original release from prison in 2011, Defendant has served confinement four times in 10 years for parole violations.

Having found that three of the four factors weigh in favor of admission, the Court finds the probative value of Defendant's 2004 convictions is not outweighed by its prejudicial effect and the Government will be allowed to introduce them for impeachment purposes only. But as discussed above, the Court recognizes the potential prejudice that may result from detailed discussion of Defendant's prior convictions. Thus, the Court will provide a limiting instruction to the jury relating to the admissible evidence. *See* Fed. R. Evid. 105 ("If the court admits evidence that is admissible . . . for a purpose—but not . . . for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.").

## IV.    Conclusion

For the foregoing reasons, the Court denies Defendant's motion *in limine* to preclude the introduction of evidence found in Defendant's vehicle. And the Court grants the Government's motion *in limine* to allow for use of Defendant's 2004 convictions for impeachment should Defendant testify at trial. But both the evidence found in the vehicle and Defendant's prior convictions will be subject to limiting instructions.[5]

An appropriate Order follows.

---

[5] The parties are to meet and confer prior to jury selection regarding proposed wording for the limiting instructions discussed herein.